*Judge Berman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 5382

------------------------------------------------X
JOSEPH C. ELFENBEIN,

               Plaintiff

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

-against-

BRONX LEBANON HOSPITAL CENTER,
IRA KIRSCHENBAUM AND
STEVEN C. ANDERMAN

               Defendants
------------------------------------------------X

RECEIVED JUN 12 2008 U.S.D.C. S.D.N.Y. CASHIERS

Joseph C. Elfenbein ("Plaintiff") by his attorneys Raab, Sturm, Goldman & Ganchrow, LLP., complains of Bronx Lebanon Hospital Center ("Defendant Hospital"), Ira Kirschenbaum ("Kirschenbaum"), and Steven C. Anderman ("Anderman") collectively referred to herein as "Defendants", as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this Complaint against Defendant Hospital alleging violations by Defendant Hospital of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.§ 2003-5), the American With Disabilities Act of 1990 (42 U.S.C.§12101, et seq. and the Age Discrimination in Employment Act (29 U.S.C. 623, et seq.) Plaintiff also alleges violations by all Defendants of the New York State (NY Executive Law §296(a)) and the New York City (New York City Adm. Code § 8-107) Human Rights Laws.

**JURISDICTION AND VENUE**

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C.§ 1331, as well as the supplemental jurisdiction statute 28 U.S.C.§ 1367 in that the City, State, Federal claims arise

from a nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is properly in the Southern District of the State of New York, as Defendant Hospital operates in the Southern District of New York and the violations of law described herein took place in said district.

## JURISDICTION PREREQUISITES

4. On or about March 27, 2008 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commons ("EEOC").

5. On or about May 23, 2008 EEOC issued a Notice of Right to sue letter to Plaintiff.

## THE PARTIES

6. Defendant Hospital is a not-for-profit institution, organized under and existing pursuant to the laws of the State of New York.

7. Defendant Hospital operates a medical hospital providing various medical and hospital related services, including surgical services, at its main location in the County of Bronx, and City and State of New York.

8. Upon information and belief, at all times material herein, Defendant Hospital employed in excess of five hundred employees.

9. At all times material herein, Kirschenbaum was, and upon information and belief, he continues to be the Chief of the Orthopaedic Surgery Department of Defendant Hospital.

10. At all times material herein, Kirschenbaum has been and upon information and belief, he continues to be an agent of Defendant Hospital.

11. At all times material herein Anderman has been, and upon information and belief he continues to be, the Chief Operating Officer of Defendant Hospital.

12. At all times material herein Anderman has been, and upon information and belief he continues to be, an agent of Defendant Hospital.

13. At all times material herein, Plaintiff has been, and he continues to be, a duly licensed physician, specializing in orthopedic surgery.

14. At all times material herein Plaintiff was, and he continues to be, a licensed physician in good standing in the State of New York.

15. At all times material herein Plaintiff was in an ADEA protected age group.

16. At all times material herein Plaintiff had a disability within the meaning of Section 42 U.S.C. 12102 (2)(a) of the Americans with Disabilities Act, or in the alternative, Plaintiff was viewed by Defendants and /or their agents and representatives as having such a disability (42 U.S.C.§ 12102 (2)(c)).

## THE FACTS

17. On or about September 6, 2005 Defendant Hospital hired Plaintiff in the position of attending physician in Defendant Hospital's Department or Orthopaedic Surgery.

18. At all times that Plaintiff was employed by Defendant Hospital, Plaintiff's performance was satisfactory and he met or surpassed all of Defendant Hospital's legitimate expectations for performance.

19. On or about February 1, 2008, Defendant Hospital by Anderman, advised Plaintiff that his employment was being terminated effective February 29, 2008.

20. In advising Plaintiff of his termination, Defendant Hospital stated that Plaintiff's employment was being terminated "without cause".

21. In fact, the termination of Plaintiff's employment was due to his age and/or the perceived disability.

22. Thus, Defendant Hospital, by its new director of Orthopaedic Surgery, Kirschenbaum, and with the concurrence of Anderman, caused the above described termination of Plaintiff and Defendant Hospital refused to consider Plaintiff for continued employment because of Plaintiff's age and/or because of Kirschenbaum's perception that Plaintiff had a disability.

23. At the time of discharge Plaintiff was performing at a job level that met, and in fact exceeded, Defendant Hospital's legitimate expectations.

24. Following Defendant Hospital's termination of Plaintiff's employment, Defendant continued to have openings for attending physicians in its Department of Orthopaedic Surgery.

25. Following Defendant Hospital's termination of Plaintiff's employment, Defendant Hospital continued to employ in its Department of Orthopaedic Surgery only attending physicians who were younger than Plaintiff and who had less seniority with Defendant Hospital than Plaintiff.

26. Defendant Hospital, Kirschenbaum and Anderman refused to consider Plaintiff for continued employment in the Department of Orthopaedic Surgery or in any other department of Defendant Hospital.

### FIRST CAUSE OF ACTION
### (Age Discrimination Under The ADEA)

27. Plaintiff repeats and realleges each and every allegation set forth in paragraph 1 through 26 of the Complaint as if fully set forth hereat.

28. At all times relevant herein Plaintiff was an "employee" of the Defendant Hospital under 29 USC §630 (f) of the ADEA.

29. Defendant Hospital is an "employer" subject to the provision of the ADEA under 29 USC §630(b)

30. By its action detailed above, including the termination of Plaintiff's employment in January 2008, Defendant Hospital has unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA.

31. As a result of the discrimination described above, Plaintiff has suffered a substantial loss of earnings and will continue to suffer such losses in the future. Accordingly, Defendant Hospital is liable to Plaintiff for both back pay and front pay in amounts as of yet undetermined, plus attorney's fees, prejudgment interest and costs.

32. Defendant Hospital's conduct in discriminating against Plaintiff on the basis of his age was wilful, entitling Plaintiff to an additional sum of liquidated damages pursuant to 29 USC § 626(b).

## SECOND CAUSE OF ACTION
### (Age Discrimination Under New York State Human Rights Law)

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 32 as if fully set forth hereat.

34. At all relevant times herein, Plaintiff was an "employee" for purposes of §296 of the New York State Human Rights Law.

35. Defendant Hospital, Kirschenbaum and Alderman are each employers for purpose of §292 of the New York State Human Rights Law.

36. By their actions described above, Defendants unlawfully discriminated against Plaintiff on the basis of his age in violation of Section 296 of the New York State Human Rights Law.

37. As a result of the discrimination described above, Plaintiff suffered substantial loss of earning and benefits, and he may continue to do so in the future. Accordingly, Defendants are jointly and severally liable to Plaintiff for both back pay and front pay in an amount as

yet undetermined, mental and emotional anguish, plus, attorney's fees interest and costs.

## THIRD CAUSE OF ACTION
### (Age Discrimination Under NYC Administration Code)

38. Plaintiff repeats and realleges each and every allegation set forth in paragraph 1 through 37 of the Complaint as if fully set forth hereat.

39. Plaintiff is a "person" under §8-102(1) of the New York City Human Rights Law.

40. Defendant Hospital, Kirschenbaum and Anderman are "employers" subject to the provision of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

41. By the actions detailed above, Defendant Hospital, Kirshembaum and Anderman, have unlawfully discriminated against Plaintiff on the basis of his age in violation of the New York City Human Rights Law.

42. As a result of the discrimination described above, Plaintiff has suffered substantial damages, including emotional distress and mental anguish in an amount to be determined at trial.

43. Defendants' actions described above, constitute discrimination against Plaintiff on the basis of age and were taken with reckless indifference to Plaintiff's rights entitling him to punitive damages under the New York City Human Rights laws, jointly and severally against Defendant Hospital, Kirschenbaum and Anderman, in addition to compensatory damages.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination Under ADA)

44. Plaintiff repeats and realleges each and every allegation set forth and paragraph 1 through 44 as if fully set forth hereat.

45. At all times material herein Plaintiff has been an employee and a qualified person with a disability as defined by Title I of the American with Disabilities Act (ADA), or a qualified person perceived to have a disability as defined by Title I.

46. Defendant Hospital is an "employer" within the meaning of Title I of the ADA.

47. The conduct described above by Defendants Kirshebaum and Anderman, and Defendant Hospital constituted a discrimination against Plaintiff on the basis of his disability or upon the basis of a perceived disability that affects one or more major life activities and/or because of the perception that such affects one or more of Plaintiff's life activities.

48. As a result of the discrimination described above, Plaintiff has suffered a substantial loss of earnings and will continue to suffer such losses in the future. Accordingly, Defendant Hospital is liable to Plaintiff for compensatory damages, including both back pay and front pay in amounts as yet undetermined, plus attorney's fees, prejudgment interest and costs.

49. Defendant Hospital's conduct in discriminating against Plaintiff on the basis of disability and/or perceived disability was wilful, entitling Plaintiff to an additional sum of punitive damages.

50. Defendant Hospital's conduct entitles Plaintiff to prejudgement interest, attorneys' fees, costs and disbursement of this action.

### PLAINTIFF'S FIFTH CAUSE OF ACTION
### (Disability Discrimination Under New York State Human Rights Law)

51. Plaintiff repeats and realleges each and every allegation set forth in paragraph 1 through 50 of the Complaint as if fully set forth hereat.

52. Plaintiff is a person with a disability and/or a perceived disability within the meaning of Section 296 of the New York State Human Rights Laws.

53. As a result of the discrimination described above, Plaintiff suffered substantial losses of earnings and benefits and he may continue to do so in the future. Accordingly, Defendants, are jointly and severally liable to Plaintiff for back pay and front pay in an amount as yet

undetermined, mental and emotional anguish plus punitive damages, attorneys fees, interest and costs, for violations under the New York State Human Rights Law.

### FOR A SIXTH CAUSE OF ACTION
### (Disability Discrimination under NYC Administrative Code)

54. Plaintiff repeats and realleges each and every allegation set forth in paragraph 1 through 54 as if fully set forth hereat.

55. By the actions detailed above, Defendant Hospital, Kirschenbaum and Anderman have unlawfully discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of the New York City Human Rights Law.

56. As a result of the discrimination described above, Plaintiff has suffered substantial damages, including back pay and front pay, emotional distress and mental anguish, in an amount to be determined at trial.

57. Defendants' actions described above, constitute discrimination against Plaintiff on the basis of disability and/or perceived disability, taken with reckless indifference to Plaintiff's rights entitling him to punitive damages under the New York City Human Rights Law, assessed jointly and severally against Defendant Hospital, Kirschenbaum and Anderman.

### **DEMAND FOR TRIAL BY JURY**

58. Plaintiff demands trial by jury on all issues.

WHEREFORE, Plaintiff demands judgment on the:

1. First and Fourth causes of action against Defendant Hospital for back pay, front pay, compensatory damages, punitive damages, reinstatement and such other further relief as permitted by law, including but not limited to prejudgment interest, attorneys fees, costs and disbursements.

2. Second, Third, Fifth and Sixth causes of action against Defendant Hospital, Kirschenbaum and Anderman, jointly and severally, for back pay, front pay, compensatory damages, punitive damages, reinstatement, and such other further relief as permitted by law, including, but not limited to pre-judgment interest, attorneys' fees, costs and disbursements.

3. On all causes of action such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 6 , 2008

Raab, Sturm, Goldman, & Ganchrow, LLP.

By: _____
Ira A. Sturm (IS.2042)
317 Madison Ave.
Suite 1708
New York, New York 10017
(212)683-6699