# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd St., New York, NY 10017   Tel: (212) 490-3000   Fax: (212) 490-3038

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago*
*White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London*
*Affiliate Offices:  Paris • Berlin • Cologne • Frankfurt • Munich*

www.wemed.com

August 7, 2008

**VIA OVERNIGHT DELIVERY**

The Honorable Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl St., Room 650
New York, New York 10007

**MEMO ENDORSED**
*p.5*

> Re:    **Elfenbein v. Bronx Lebanon Hospital Center et al.**
>           **Docket No.: 08 cv 5382 (RMB)(JCF)**
>           <u>**Our File No. :   08981.00050**</u>

Dear Judge Berman:

We represent the defendants Bronx Lebanon Hospital Center, Ira Kirschenbaum, and Steven

C. Anderman in the above referenced action.   Pursuant to your Honor's individual rules, the

defendants respectfully request a pre-motion conference for leave to file a Fed. R. Civ. Pro. 12(b)(6)

motion to dismiss plaintiff's employment discrimination suit.

This suit arises out of the termination of plaintiff's at-will employment.   Plaintiff, a

physician, was hired as an at-will employee by the Hospital on July 1, 2005 when he was 69 years

old, he was also granted admitting privileges at the Hospital.   Plaintiff's privileges were unaffected

by the February 2008 termination of his at-will employment and are not at issue in this suit.

Plaintiff's wrongful termination complaint contains six (6) causes of action sounding in age (first

through third causes of action) and disability (fourth through sixth causes of action) discrimination.

The defendants will seek dismissal of plaintiff's entire complaint on the following bases:

3284754.6

(1)    **The Hospital Had An Unfettered Right To Terminate Plaintiff's At-Will Employment And Plaintiff's Utterly Conclusory Pleadings Fail To Rebut The Hospital's Unfettered Right To Do So**

Plaintiff was hired as an at-will employee at age 69 on July 1, 2005. His employment contract clearly states in unambiguous language that his employment was at-will. Plaintiff's at-will does not give rise to an inference of discrimination and in fact, his being hired at age 69 directly rebuts any such inference. Plaintiff has failed to plead anything but entirely insufficient, conclusory allegations of discrimination. Hargett v. Metro. Transit Auth., 552 F. Supp. 2d 393 (S.D.N.Y. 2008) (pre-answer motion to dismiss granted where plaintiff failed to rebut defense of at-will employment); Russo-Lubrano v. Brooklyn Fed. Sav. Bank, 2007 U.S. Dist. LEXIS 2646, *25-30 (E.D.N.Y. Jan. 12, 2007) (pre-answer motion to dismiss granted where plaintiff's alleged claims in effort to circumvent the employment at-will doctrine fail to meet pleading threshold); Khaleel v. Metro One Loss Prevention Servs. Groups, 469 F. Supp. 2d 130, 133 (S.D.N.Y. 2007) (pre-answer motion to dismiss granted where plaintiff failed to plead prima facie case of discrimination after his at-will employment was terminated).

In the case at bar, plaintiff has pled nothing more than his termination "must have been" discrimination. Allegations, such as these, have consistently been held to be insufficient as a matter of law. See Sklar v. N.Y. Life Ins. Co., 34 Fed. Appx. 403, 405 (2d Cir. N.Y. 2002) (plaintiff's conclusory opinion that mistreatment must have occurred because of his age is insufficient to support an age discrimination claim); Wayne v. Principi, 2004 U.S. Dist. LEXIS 3141 (S.D.N.Y. Mar. 3, 2004) (same); Shub v. Westchester Cmty. Coll., 2008 U.S. Dist. LEXIS 28555, *72-73 (S.D.N.Y. Apr. 7, 2008) (plaintiff's conclusory allegation that age must have been a motivating factor in the alleged adverse employment action is insufficient to sustain age discrimination claim); Thompson v. Tom Vazquez Janitorial, 2006 U.S. Dist. LEXIS 85931 (E.D.N.Y. Nov. 28, 2006) (prima facie case of age discrimination not established where plaintiff merely alleged that he was in a protected age group and that other workers were younger); Yusuf v. Vassar Coll., 35 F.3d 709, 713 (2d Cir. 1994)

2

(in granting a pre-answer motion to dismiss, the court stated that plaintiff must do more than recite conclusory assertions that the reason for an adverse employment action must have been discrimination); Smith v. United Fed'n of Teachers, 1998 U.S. App. LEXIS 22357 (2d Cir. 1998) (pre-answer motion to dismiss granted where plaintiff's entire claim was that adverse employment actions occurred because he was in a protected category); Albert v. Carovano, 851 F.2d 561, 572 (2d Cir. N.Y. 1988) (naked allegation that defendants singled out plaintiffs because they were in a protected category was "too conclusory to survive a motion to dismiss).

(2)    **Plaintiff's City And State Individual Liability Claims Against The Defendant Kirshenbaum Fail Because Dr. Kirshenbaum Was Not Hired By Or An Employee Of The Hospital Until After Plaintiff's At Will Employment Was Terminated**

Defendant Kirschenbaum was not employed by defendant Hospital at the time the decision was made to terminate plaintiff's employment; therefore plaintiff is precluded from showing that defendant Kirschenbaum had any role in his termination, the sine qua non of an individual liability claim under New York State and City discrimination laws. See Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 328 (2004) (plaintiff claiming violation of state and city discrimination laws must show that individual defendant actually participated in the alleged discriminatory act); Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC, 470 F. Supp. 2d 345, 363 (S.D.N.Y. 2007) (an individual must actively participate in the discriminatory act to support a claim under state and city discrimination laws); Rich v. Coopervision, Inc., 198 A.D.2d 860, 861 (4th Dep't 1993) (pre-answer motion to dismiss granted against individual because it was uncontroverted that he was not employed by defendant business at the time the decision was made to terminate plaintiff's employment); Patrowich v. Chem. Bank, 63 N.Y.2d 541, 542 (1984) (person must be an employee before being considered an employer); Socci v. China Grill, Inc., 2001 NY Slip Op 50080U, 3 (N.Y. Sup. Ct. Oct. 5, 2001) (same).

3

3284754.6

(3)    **Plaintiff Has Referred To The Hospital's Hiring Practices In His Complaint and The Hospital's Statistical Evidence In This Regard, Which Has Been Incorporated By Reference Into Plaintiff's Complaint, Negates Any Inference Of Discrimination**

Not only was the plaintiff hired when he was in the age-protected category but the Hospital's statistical evidence regarding its hiring practices negates any inference of discrimination and directly rebuts plaintiff's conclusory allegations regarding the same. Ottaviani v. State Univ. of New York, 875 F.2d 365, 374 (2d Cir. N.Y. 1989) (statistical evidence negates inference of discrimination); Greaves v. St. Luke's/Roosevelt Hosp. Ctr., 2005 U.S. Dist. LEXIS 4082 (S.D.N.Y. Mar. 16, 2005) (evidence that another member of plaintiff's protected class was not discriminated against negates inference of discrimination); Carlton v. Mystic Transp., 1998 U.S. Dist. LEXIS 14853 (E.D.N.Y. Aug. 25, 1998) rev'd and remanded on other grounds by 202 F.3d 129 (2d Cir. 2000) (statistical analysis provided by defendants constitutes powerful evidence negating an inference of discrimination); EEOC v. TWA, 544 F. Supp. 1187, 1226 (S.D.N.Y. 1982) (evidence that defendant hired employees within plaintiff's protected class negates any possible inference of discrimination).

For the foregoing reasons, defendants respectfully request a pre-motion conference with the Court regarding defendants' proposed motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. Pro. R. 12(b)(6). Thank you for your attention in this matter.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Ricki E. Roer
William F. Cusack, III

RER/jd

4

3284754.6

cc:    Ira A. Sturm, Esq.
       Raab, Sturm, Goldman & Ganchrow, LLP
       Attorneys for plaintiff Joseph C. Elfenbein
       317 Madison Avenue, Suite 1708
       New York, New York 10017

Plaintiff to respond with 2-4 page letter by 8/15/08 (noon). We can discuss at the conference on 8/20/08.

SO ORDERED:
Date: 8/8/08

Richard M. Berman, U.S.D.J.

3284754.6